UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JOAN TURNER, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>KNOX COUNTY DETENTION FACILITY, )<br>LPN ALLEN, *Nurse*, )<br>OFFICER ROMINES, *Correctional Officer*, )<br>and JIMMY "JJ" JONES, *Sheriff*, )<br>)<br>    Defendants. ) | No.: 3:15-CV-266-TAV-CCS |

**MEMORANDUM AND ORDER**

Acting pro se, Joan Turner, ("Plaintiff"), an inmate at Bledsoe County Correctional Complex, brings this civil rights action pursuant to 42 U.S.C. § 1983 against the Knox County Detention Facility ("KCDF"), Knox County Sheriff Jimmy "JJ" Jones, and two alleged Knox County employees, correctional officer Romines and Nurse Allen [Doc. 1].

**I.  Background**

In her complaint, Plaintiff alleges that she had three miscarriages before being diagnosed with thyroid disease and a clotting disorder by a high risk physician, Dr. Rousis [*Id.* at 4]. Dr. Rousis began Plaintiff on a regimen of aspirin, blood thinners, and thyroid medication, and she went on to successfully deliver two healthy children [*Id.*]. In February 2013, around the time that she was transferred to Knox County Detention Facility, Plaintiff learned that she was pregnant [*Id.*]. When Plaintiff was moved to the Knox County Jail, she informed Nurse Allen that she was a high risk pregnancy, that she had thyroid and clotting disorders, that Dr. Rousis was her high risk physician, and that she needed a regimen of aspirin, blood thinners, and thyroid

medication [*Id.*]. She was not, however, provided with this medication after providing Allen with this information [*Id.*].

Instead, she was scheduled an appointment with a physician at the University of Tennessee approximately 30 days from the date the pregnancy was verified [*Id.*]. Officer Romines transported Plaintiff to the appointment and "was very impatient with the whole process," demanding that Plaintiff be seen after a two and a half hour wait because he was "in a hurry" [*Id.*]. Plaintiff was seen by a nurse practitioner who confirmed a fetal heartbeat with a portable ultrasound machine [*Id.* at 4-5]. Although Plaintiff advised the nurse practitioner about her clotting disorder and thyroid disease, she was not written a prescription for any medication before returning to the jail [*Id.* at 5].

Approximately one week later, Plaintiff had another appointment with the obstetrician, but the ultrasound did not detect a viable heartbeat [*Id.*]. She was initially placed in the infirmary, but after advising Allen that she was not experiencing cramping or other symptoms, she was sent back to her pod [*Id.*]. That evening, Plaintiff was once again transported to KCDF, where she was placed in a one-person cell for a week and was only given one hour out of the cell per day [*Id.*]. Approximately one week later, she was taken to the hospital and placed under general anesthesia for a dilation and curettage [*Id.*]. When she awakened from the surgery, she was shackled and transported back to KCDF [*Id.*].

After her return, she was advised that her thyroid medication had been ordered and that she would get it as soon as it arrived [*Id.*]. However, the nurses would skip doses, prompting her to have to ask for her medications [*Id.*]. According to Plaintiff, "[s]he talked to Nurse Smith and said, [s]he isn't getting her medication anyway and asked to be sent back to Knox County Jail.

2

Nurse Smith said she would have to sign a Refusal. She did and was transported back the next day" [*Id.*].

Plaintiff alleges that she lost twenty pounds and "suffered emotional trauma" due to these events [*Id*. at 4-5]. Plaintiff requests $50,000.00 in damages each from Allen and Romines [*Id.* at 6]. As to Jones, Plaintiff's requested relief is described as "Change Protocol on treating Inmates" [*Id.*].

## II.     Standard for Screening

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B), 1915(A); *Jones v. Bock*, 549 U.S. 199, 213 (2007); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (*citing Twombly*, 550 U.S. at 556). The reviewing court must determine whether the facts permit the court to infer "more than the mere possibility of misconduct," which is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

Plaintiff's claims arise under 42 U.S.C. § 1983 [Doc. 1].  In order to succeed on a § 1983 claim, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law.  *Dominguez v. Corr. Med. Svcs.*, 555 F.3d 543, 549 (6th Cir. 2009); *Haywood v. Drown*, 556 U.S. 729, 731 (2009); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").  The Court will address the allegations against each of the defendants in the complaint.

### III.  Defendant Knox County Detention Facility

Plaintiff has named the Knox County Detention Facility as a defendant in this action.  Defendant Knox County Detention Facility is a building which serves as a place for confinement for those in custody, and, as such, it is not a suable entity under § 1983.  *See, e.g.*, *Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658, 689–90 n.53 (1978) (finding that only "bodies politic" are "persons" who can be sued under 42 U.S.C. § 1983); *Marbry v. Corr. Med. Serv.*, 238 F.3d 422, 2000 WL 1827783, at *2 (6th Cir. 2000) (holding that "the Shelby County Jail is not an entity subject to suit under § 1983"); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991).  Because KCDF is not an entity subject to suit, Knox County would be the proper party to address the allegations in Plaintiff's complaint.  *See, e.g.*, *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).  In order to succeed on a § 1983 claim against a municipal entity, such as Knox County, Plaintiff must establish that: (1) her harm was caused by a constitutional violation; and (2) the municipality itself was responsible for that violation, generally because of a policy, custom, pattern or practice of the municipal defendant that caused the Plaintiff's constitutional injury.  *Spears v. Ruth*, 589 F.3d 249, 256 (6th Cir. 2009); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *see also Okolo v. Metro. Gov't of Nashville*, 892 F. Supp. 2d 931, 941

(M.D. Tenn. 2012); *see also Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978) ("[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.").

In this case, however, Plaintiff has alleged only that certain Knox County employees denied her appropriate medical care and medicine. She has not identified any policy, custom, pattern, or practice on the part of Knox County officials that led to her injuries. Even liberally construing her allegations, the Court can discern no facts that would allow it to infer that Knox County is liable for her injuries. Because her allegations are insufficient for the Court to find that she has stated a plausible claim for relief against Knox County, and because KCDF is not an entity subject to suit, KCDF will be **DISMISSED** from this action.

### IV. Defendant Jones

Plaintiff has also raised claims against Defendant Jones, the Sheriff of Knox County, but has requested only injunctive relief, demanding that Jones change the protocol for treatment of inmates at KCDF. When a prisoner seeks only declaratory and injunctive relief in a prison-conditions claim arising under § 1983, those claims are rendered moot when the prisoner is no longer confined at the institution in question. *See, e.g.*, *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 510 n.1 (6th Cir. 2001) (citing *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)); *Miller v. Ghee*, 22 F. App'x 388, 389 (6th Cir. 2001). Plaintiff's complaint states—and the Court's research confirms—that Plaintiff is now confined at the Bledsoe County Correctional Complex, not at KCDF or the Knox County Jail. Because Plaintiff is no longer incarcerated at a facility in Knox County, and because she sought only injunctive relief against Jones, any such claims against him are now moot. Accordingly, Defendant Jones will be **DISMISSED** from this action.

## V. Defendants Romines & Allen

Plaintiff has also asserted claims for monetary damages against Romines and Allen. Liberally construing Plaintiff's filing, she has asserted claims for violations of her Eighth Amendment rights relating to her medical care while incarcerated.

A prison authority's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (1976). "Deliberate indifference 'is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.'" *Shadrick v. Hopkins Cty.*, 805 F.3d 724, 737 (6th Cir. 2015) (quoting *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 410 (1997)). The standard is comprised of both objective and subjective components: the objective component requires a plaintiff to show a "sufficiently serious" deprivation, while the subjective component requires a showing of a sufficiently culpable state of mind—one of deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994). Prison medical personnel or officials may be deliberately indifferent to a prisoner's serious medical needs "in their response to a prisoner's needs" (or lack thereof) or by "interfer[ing] with treatment once prescribed." *Estelle,* 429 U.S. at 104–05; *Farmer*, 511 U.S. at 836 (defining deliberate indifference as "lying somewhere between the poles of negligence at one end and purpose or knowledge at the other" and noting that the concept is "routinely equated . . . with recklessness").

With respect to Romines, Plaintiff alleges only that he was "impatient" during the process of transporting her to her appointment and that he advised the receptionist at the obstetrician's office that Plaintiff needed to be seen because he was "in a hurry," after which time Plaintiff was seen by a nurse practitioner who confirmed a fetal heartbeat. Even assuming these facts are true, Plaintiff's allegations do not demonstrate that Romines's behavior prevented Plaintiff from

receiving prenatal care. Plaintiff confirmed that, despite Romines's impatience, she was able to see a nurse practitioner, with whom she discussed her medical conditions. Although she alleges that the nurse practitioner failed to write her a prescription for the medication that she needed, she does not allege that Romines's actions were the reason that she was not provided with those prescriptions. Simply put, Plaintiff's factual allegations do not demonstrate that Romines failed to respond to or interfered with Plaintiff's medical care, and she has thus failed to state a plausible claim for relief as to her claim of medical deliberate indifference against him. Accordingly, Romines will be **DISMISSED** from this action.

However, the Court finds that Plaintiff has stated sufficient facts to support a claim for relief under the Eighth Amendment against Allen. Plaintiff alleges that, upon her transfer to Knox County Jail, she informed Nurse Allen that she was a high risk pregnancy, that she had thyroid and clotting disorders, that Dr. Rousis was her high risk physician, and that she needed a regimen of aspirin, blood thinners, and thyroid medication. Despite these allegations, and taking the facts in Plaintiff's complaint as true, Plaintiff was not provided with the medication that she needed for her conditions, and she ultimately suffered a miscarriage. The Court finds that Plaintiff's complaint thus contains sufficient factual allegations which, if proven true, could show that Allen demonstrated deliberate indifference to Plaintiff's medical needs.

## VI. Conclusion

For the reasons set forth herein, Plaintiff's claims against Defendants KCDF, Jones, and Romines are **DISMISSED**. However, the Court finds that Plaintiff has stated a plausible claim for relief against Allen.

Accordingly, the Clerk is **DIRECTED** to send Plaintiff a service packet for Defendant Allen, containing a blank summons and USM 285 form. Plaintiff is hereby **ORDERED** to

complete the service packet and return it to the Clerk's office **thirty (30) days** from the date of the entry of this Order.

When the completed service packet is received by the Clerk, the Clerk **SHALL** sign and seal the summons and forward it to the U.S. Marshal for service upon Defendant Allen. Defendant Allen is **ORDERED** to respond to the complaint in the manner and within the time required by the Federal Rules of Civil Procedure.

Plaintiff is hereby **ON NOTICE** that failure to return the completed service packets within this time period may result in the dismissal of this action for failure to prosecute and/or failure to comply with a court order.[1] *See* Fed. R. Civ. P. 41(b).

**ENTER:**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that, pursuant to Local Rule 83.13,

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. Notification of a change of address must be accomplished by filing a Notice with the Clerk and service of the Notice upon all other parties within 14 days of the change of address. In addition, a party appearing for himself/herself shall sign his/her pleadings and include his/her address and telephone number. The failure of a pro se plaintiff to timely respond to an order or pleading addressed to the last address provided to the Clerk may result in dismissal of the case or other appropriate action.

E.D. Tenn. L.R. 83.13.