UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JOAN TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:15-CV-266-TAV-CCS |
| | ) |
| LPN ALLEN, *Nurse*, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

This is a pro se prisoner's complaint for relief pursuant to 42 U.S.C. § 1983. Before the Court are a motion for leave to file document under seal filed by Knox County Sheriff Jimmy Jones [Doc. 12], and three motions to dismiss filed by defendant Selenia Allen [Docs. 16, 18, 19]. The Court will **GRANT** Jones's motion for leave to file document under seal [Doc. 12]. Additionally, for the reasons set forth herein, Allen's first and third motions to dismiss [Docs. 16, 19] will be **GRANTED**, her second motion to dismiss [Doc. 18] will be **DENIED AS MOOT**, and this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A) for failure to state a claim upon which relief may be granted.

In her Complaint, Plaintiff alleges, *inter alia*, that, upon her transfer to Knox County Jail, she informed Allen, a nurse at the facility, that she was experiencing a high-risk pregnancy, that she had thyroid and clotting disorders, that Dr. Rousis was her high-risk physician, and that she needed a regimen of aspirin, blood thinners, and thyroid medication. Despite providing Allen with this information, Plaintiff alleges that she was not given the medication that she needed for her conditions, and she ultimately suffered a miscarriage [Doc. 1].

On November 15, 2016, the Court entered an Order finding that Plaintiff had stated sufficient facts to support a deliberate indifference claim against Allen pursuant to the Eighth Amendment [Doc. 6]. However, the Court found that Plaintiff failed to state a claim for relief against any other named defendant and accordingly dismissed the remaining defendants—and the claims against them—from this action [*Id.*].

Allen has now responded, filing three separate motions to dismiss Plaintiff's claim against her [Docs. 16, 18, 19]. Plaintiff has failed to respond in opposition to any of the pending motions to dismiss, and the time for filing any such responses has now expired. In her motions, Allen raises numerous arguments in support of dismissal; however, the Court finds that it need not address each ground presented, as it agrees that Plaintiff has failed to state a claim against her in her individual or official capacity [*See* Doc. 16 pp. 3–5].

A claim arising under 42 U.S.C. § 1983 for actions taken under color of law may be pursued against a state actor in his individual capacity, his official capacity, or both. *See Pendleton v. Fassett*, No. 08-227-C, 2009 WL 2849542, at *2 n.7 (W.D. Ky. Sept. 1, 2009) (citing *Hafer v. Melo*, 502 U.S. 21, 27–28 (1991)). An individual capacity action "seek[s] to impose personal liability upon a government official for actions he takes under color of state law," *Kentucky v. Graham*, 473 U.S. 159, 163 (1985), and in suing a defendant in his individual capacity, the plaintiff "states an intention to seek recovery from an individual defendant's personal assets, not from the public fisc," *Chaudhuri v. State of Tenn.*, 767 F. Supp. 860, 864 (M.D. Tenn. 1991). By contrast, official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent," and as such, official capacity claims are "in all respects other than a name, to be treated as a suit against the entity." *Graham*, 473 U.S. at 166. "Generally, plaintiffs must designate in which capacity they are suing defendants; if not, by operation of law, defendants

are deemed sued in their official capacities." *Soper ex rel Soper v. Hoben*, 195 F.3d 845, 853 (6th Cir. 1999).

Plaintiff named four defendants—Allen, Correctional Officer Romines, Knox County Sheriff Jimmy "JJ" Jones, and the Knox County Detention Facility—in the caption of her Complaint, and requested specific relief only as to Allen, Romines, and Jones [Doc. 1 p. 1]. Nonetheless, her Complaint listed only Allen as a Defendant in the section labeled "PARTIES TO THIS LAWSUIT," and underneath Allen's name and work address, typed the following:

| | | |
|---|---|---|
| **Named in official capacity?** | Yes X | No ___ |
| **Named in individual capacity?** | Yes ___ | No X |

[*Id*. at 3 (emphasis original)].

The Court agrees with Allen that, in doing so, Plaintiff made her intentions clear: that she sought to sue Allen only in her official capacity and "expressly disavowed" any desire to proceed against Allen in her individual capacity [Doc. 16 p. 3 (citing Doc. 1 p. 3)]. As such, any claim against Allen must be construed solely as a claim against the governmental entity itself—that is, Knox County, Tennessee—and Allen must be **DISMISSED** from this action in her individual capacity. Accordingly, Allen's first motion to dismiss [Doc. 16]—filed in her individual capacity—will be **GRANTED**.[1]

Further, the Court has previously found that the allegations in Plaintiff's Complaint are insufficient to state a plausible claim for relief against Knox County, as she "has not identified any policy, custom, pattern, or practice on the part of Knox County officials that led to her injuries," and as the Court "can discern no facts that would allow it to infer that Knox County is liable for

---

[1] Allen's second motion to dismiss [Doc. 18], which raised additional grounds for dismissal of the claims against her in her individual capacity, will be **DENIED AS MOOT**.

[Plaintiff's] injuries." [Doc. 6 pp. 4–5]. Thus, any claim against Allen in her official capacity must also be **DISMISSED**, and Allen's third motion to dismiss [Doc. 19]—filed in her official capacity—-will be **GRANTED**.

As the Court will grant Allen's motions to dismiss, the Court now finds that no defendants and no claims will remain in this action. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A) as it fails to state a § 1983 claim upon which relief may be granted.

Furthermore, the Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

**IT IS SO ORDERED.**

**E N T E R :**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE